FILED
HARRISBURG, PA

NOV 25 2022

PER ____SH____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN V. SHEEHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. _____ |
| SHIPPENSBURG UNIVERSITY, ) | |
| LAURIE PORTER, ) | FILED ELECTRONICALLY |
| NIPA BROWDER, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Ann V. Sheehan (Ms. Sheehan), by and through undersigned counsel, hereby files the following Complaint.

## PARTIES

1. Ms. Sheehan is a former employee of Defendant Shippensburg University and a resident of Franklin County, Pennsylvania.

2. Shippensburg University is a state-owned institution of post-secondary education with its principal place of business at 1871 Old Main Drive, Shippensburg, Cumberland County, Pennsylvania.

3. Defendant Laurie Porter ("Porter") is Director of Human Resources at Shippensburg University and has her principal place of business at 1871 Old Main Drive, Shippensburg, Cumberland County, Pennsylvania.

11. Ms. Sheehan exhausted administrative remedies available to her with regard to charges of discrimination on the basis of disability, retaliation, and aiding and abetting.

## FACTS

12. Ms. Sheehan suffers from several conditions which result in limitations to activities of daily living particularly in light of the COVID-19 pandemic.

13. The COVID-19 pandemic presents a clear and present danger to her life if she were to contract the disease, thus limiting her ability to endure potential exposure and limiting her activities of daily living.

14. Ms. Sheehan was employed as a Faculty Secretary by Shippensburg University from approximately August 26, 2018 until February 15, 2022.

15. In Ms. Sheehan's professional role, she was tasked with various administrative duties which she successfully undertook in a remote (work-from-home) capacity during the pandemic (2020-2021) when she was directed to work from home.

16. In March 2020, due to her disability, Ms. Sheehan was given the accommodation of working remotely ahead of the university-wide shutdown due to the pandemic. She continued this work arrangement through 2021.

17. During her employment in this role, Ms. Sheehan received accolades, positive performance reviews, and other positive feedback from management.

18. By all accounts, Ms. Sheehan performed her job duties with both skill and enthusiasm.

19. At no time did Ms. Sheehan's job duties change from those that she performed remotely.

20. On or about December 15, 2021, Ms. Sheehan was directed to return to work in-person at Shippensburg University by Defendant Browder on behalf of Defendant Shippensburg University.

21. Ms. Sheehan tried feverishly and diligently to develop accommodations for her disability through Defendant Browder and Defendant Porter. She frequently attempted to communicate with them.

22. Instead of engaging in any form of meaningful iterative process with Ms. Sheehan, Shippensburg University through Defendant Porter out-of-hand rejected the premise that Ms. Sheehan had any form of disability.

23. Ultimately, Defendant Porter told Ms. Sheehan that there will be plexiglass around her desk.

24. This "accommodation" was provided to another Shippensburg University employee of similar job title to Ms. Sheehan and the accommodation was not successful.

25. The employee contracted COVID-19 due to exposure in the workplace.

26. Thus, this was not a reasonable accommodation.

27. After refusing any requested accommodations by Ms. Sheehan and without offering any reasonable alternatives, Shippensburg University through Defendants Porter and Browder, instructed Ms. Sheehan that she must return to in-person work or she will be terminated.

28. Defendant Browder attempted to contact Ms. Sheehan's family doctor to further investigate Ms. Sheehan's health conditions without Ms. Sheehan's knowledge or consent.

29. On January 13, 2022, Ms. Sheehan provided through her doctor, a statement indicating her doctor believes Ms. Sheehan is disabled and requires reasonable accommodations.

30. Despite a proper request for accommodations, Shippensburg University demanded that Ms. Sheehan return to work in-person, while knowing that Ms. Sheehan's physician indicated that she required accommodations.

31. When Ms. Sheehan did not return to work without accommodations, she was threatened with adverse employment actions.

32. Defendant Porter informed Ms. Sheehan that she is not disabled, that Ms. Sheehan's request for accommodation is not related to the health condition of which she is aware Ms. Sheehan suffers, and that Ms. Sheehan does not have any limitations of major life activities, despite Ms. Sheehan's doctor's statements to the contrary.

33. On January 31, 2022, Ms. Sheehan is locked out of her Shippensburg University email.

34. When Ms. Sheehan did not report back to work, on February 15, 2022, she was terminated by Shippensburg University via communication from Defendant Porter.

35. Subsequent to the termination, Shippensburg University further retaliated against Ms. Sheehan by trying to oppose her unemployment compensation despite knowing full well that she was able and available for work.

36. Ms. Sheehan seeks all remedies and damages permitted by law.

37. A jury trial is demanded on all counts so triable.

## COUNTS

### COUNT I: DISCRIMINATION ON THE BASIS OF DISABILITY VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 42 P.S. §951 et.seq.

### Plaintiff v. All Defendants

38. The preceding paragraphs are incorporated by reference.

39. Defendants' actions in this case constitute disability discrimination.

40. Ms. Sheehan suffers from physical disabilities.

41. Ms. Sheehan is a "qualified individual" within the meaning of the PHRA.

42. Ms. Sheehan suffered an adverse employment action because of that disability when she was terminated.

43. Based on information and belief, Shippensburg University retained similarly situated individuals who do not have disabilities.

44. As a result of the termination, Ms. Sheehan has suffered damages including, but not limited to, lost salary and wages, employment benefits, damage to her reputation, and emotional pain and suffering.

45. Ms. Sheehan seeks all remedies and damages permitted under the PHRA including but not limited to, back pay and benefits, front pay and benefits, reputation damages, attorney's fees and costs, and prejudgment and post-judgment interest.

### COUNT II: DISCRIMINATION ON THE BASIS OF DISABILITY
### VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. § 790 et. seq.
### Plaintiff v. Defendant Shippensburg University

46. The preceding paragraphs are incorporated by reference.

47. Defendants' actions in this case constitute disability discrimination.

48. Ms. Sheehan suffers from physical disabilities.

49. Shippensburg University as a state agency and/or entity receives federal financial assistance making it a proper defendant under the Rehabilitation Act.

50. Ms. Sheehan is a "qualified individual" within the meaning of Federal disability discrimination law.

51. Ms. Sheehan suffered an adverse employment action because of that disability when she was terminated.

52. Based on information and belief, Shippensburg University retained similarly situated individuals who do not have disabilities.

53. As a result of the termination, Ms. Sheehan has suffered damages including, but not limited to, lost salary and wages, employment benefits, damage to her reputation, and emotional pain and suffering.

54. Ms. Sheehan seeks all remedies and damages permitted under the Rehabilitation Act including but not limited to, money damages, prospective injunctive relief, attorney's fees and costs, and prejudgment and post-judgment interest.

## COUNT III: DISCRIMINATION ON THE BASIS OF DISABILITY
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED
### Plaintiff v. Defendant Shippensburg University

55. The preceding paragraphs are incorporated by reference.

56. Defendants' actions in this case constitute disability discrimination.

57. Ms. Sheehan suffers from physical disabilities.

58. Shippensburg University as a state agency and/or entity making it a proper defendant under the Americans with Disabilities Act as Amended.

59. Ms. Sheehan is a "qualified individual" within the meaning of Federal disability discrimination law.
60. Ms. Sheehan suffered an adverse employment action because of that disability when she was terminated.
61. Based on information and belief, Shippensburg University retained similarly situated individuals who do not have disabilities.
62. Shippensburg University refused to accommodate Ms. Sheehan.
63. In fact, Shippensburg University refused to engage in an iterative process to determine reasonable accommodations.
64. Instead, Shippensburg University, unilaterally and without proper dialogue, decided that Ms. Sheehan was not disabled and refused to engage with her.
65. As a result of the termination, Ms. Sheehan has suffered damages including, but not limited to, lost salary and wages, employment benefits, damage to her reputation, and emotional pain and suffering.
66. Ms. Sheehan seeks all remedies and damages permitted under the Americans with Disabilities Act as Amended including but not limited to, money damages, prospective injunctive relief, attorney's fees and costs, and prejudgment and post-judgment interest.

## COUNT IV: AIDING AND ABETTING

### Plaintiff v. Defendant Browder and Defendant Porter

67. The preceding paragraphs are incorporated by reference.
68. The Pennsylvania Human Relations Act (PHRA) imposes liability upon supervisors, managers, and administrators who aid and abet illegal discrimination.

69. Defendant Browder was an administrator in her capacity as an Assistant Director of Human Resources and Benefits Manager of Shippensburg University.

70. Defendant Browder had, on information and belief, knowledge of the discriminatory intent of Shippensburg University when she facilitated notice of the discriminatory actions taken by Defendant Shippensburg University by email.

71. Defendant Porter was an administrator in her capacity as a Director of Human Resources at Shippensburg University.

72. Defendant Porter had, on information and belief, knowledge of the discriminatory intent of Shippensburg University when she informed Ms. Sheehan that she would no longer be employed by Defendant Shippensburg University.

73. Defendant Porter engaged in discriminatory behavior when she informed Ms. Sheehan that her employment was terminated.

74. These actions by Defendant Porter and Defendant Browder were pretext for discrimination on the basis of disability.

75. On information and belief, these actions would not have been taken against Ms. Bosenbark if she were not disabled.

76. Employees who were similarly situated to Ms. Sheehan, but not disabled, were not terminated under these circumstances.

77. Further, the refusal by Defendants in this matter to engage in meaningful iterative discussions seeking reasonable accommodations was discriminatory on the face.

78. The actions of Defendant Porter aided and abetted the discriminatory actions and intent of Shippensburg University.

79. The actions of Defendant Browder aided and abetted the discriminatory actions and intent of Shippensburg University.

80. Ms. Sheehan seeks all remedies and damages permitted under the PHRA including but not limited to, back pay and benefits, front pay and benefits, reputation damages, attorney's fees and costs, and prejudgment and post-judgment interest.

Dated: November 23, 2022          By:  /s/ Jason E. Piatt

                                              Jason E. Piatt, Esq.
Counsel for the Plaintiff
PIATT LAW, PLLC
20 East Sixth Street, Suite 205
Waynesboro, PA 17268
PH: 717.655.5487