**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANN V. SHEEHAN, | : | |
| Plaintiff | : | No.  1:22-CV-1871 |
| | : | |
| v. | : | Judge Wilson |
| | : | |
| SHIPPENSBURG UNIVERSITY, | : | Electronically Filed Document |
| LAURIE PORTER *and* NIPA | : | |
| BROWDER, | : | *Complaint Filed 11/25/2022* |
| Defendants | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Shippensburg University, Laurie Porter and Nipa Browder, by and through their undersigned counsel, hereby submit the following Answer and Affirmative Defenses to the Complaint in this action.

    1.    ADMITTED.

    2.    ADMITTED.

    3.    DENIED.

    11.    DENIED.

    12.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint.

    13.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 13 of the Complaint.

14.    ADMITTED.

15.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 15 of the Complaint.

16.    DENIED.

17.    Defendants ADMIT that Plaintiff received annual performance reviews, which speak for themselves, and otherwise DENY the allegations in paragraph 17 of the Complaint.

18.    Defendants ADMIT that Plaintiff received annual performance reviews, which speak for themselves, and otherwise DENY the allegations in paragraph 18 of the Complaint.

19.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 19 of the Complaint.

20.    DENIED.

21.    DENIED.

22.    DENIED.

23.    DENIED.

24.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 24 of the Complaint.

25.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 25 of the Complaint.

26.    The allegations in paragraph 26 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

27.    DENIED.

28.    DENIED.

29.    Defendants ADMIT that a document purportedly faxed by a physician was received by Browder on or around January 13, 2022, which document speaks for itself, and otherwise DENY the allegations in paragraph 29 of the Complaint.

30.    DENIED.

31.    DENIED.

32.    DENIED.

33.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 33 of the Complaint.

34.    Defendants ADMIT that Porter sent Plaintiff a letter dated February 15, 2022 that stated, among other things, that Plaintiff's employment as a Clerk Typest 2 with Shippensburg University is being terminated, which document

speaks for itself, and otherwise DENY the allegations in paragraph 34 of the Complaint.

35.    DENIED.

36.    The allegations in paragraph 36 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

37.    The allegations in paragraph 37 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

38.    The proceeding paragraphs are incorporated by reference.

39.    The allegations in paragraph 39 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

40.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 40 of the Complaint.

41.    The allegations in paragraph 41 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

42.     The allegations in paragraph 42 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

43.     DENIED.

44.     The allegations in paragraph 44 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

45.     The allegations in paragraph 45 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

46.     The proceeding paragraphs are incorporated by reference.

47.     The allegations in paragraph 47 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

48.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

50.     The allegations in paragraph 50 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

51.     The allegations in paragraph 51 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

52.     DENIED.

53.     The allegations in paragraph 53 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

54.     The allegations in paragraph 54 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

55.     The proceeding paragraphs are incorporated by reference.

56.     The allegations in paragraph 56 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

57.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 57 of the Complaint.

58.    The allegations in paragraph 58 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

59.    The allegations in paragraph 59 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

60.    The allegations in paragraph 60 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

61.    DENIED.

62.    The allegations in paragraph 62 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

63.    The allegations in paragraph 63 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

64.    DENIED.

65.     The allegations in paragraph 65 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

66.     The allegations in paragraph 66 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

67.     The proceeding paragraphs are incorporated by reference.

68.     The allegations in paragraph 68 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

69.     The allegations in paragraph 69 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

70.     The allegations in paragraph 70 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

71.     The allegations in paragraph 71 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

72.    The allegations in paragraph 72 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

73.    The allegations in paragraph 73 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

74.    The allegations in paragraph 74 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

75.    The allegations in paragraph 75 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

76.    DENIED.

77.    The allegations in paragraph 77 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

78.    The allegations in paragraph 78 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

79.    The allegations in paragraph 79 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

80.    The allegations in paragraph 80 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are DENIED.

## AFFIRMATIVE DEFENSES

In addition to the responses set forth above, Defendants asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of collateral estoppel and/or res judicata.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the statute of limitations and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

At no time have Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities

secured to him by the Constitution or laws of the Commonwealth or the United States of America.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted with a reasonable, good-faith belief in the lawfulness of their actions and are entitled to immunity from damages therefor.

## SIXTH AFFIRMATIVE DEFENSE

Any harm occurring to Plaintiff was the proximate result of actions or inactions of persons other than Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

If the incidents occurred as alleged, which is strictly denied, the condition(s) complained of did not create a reasonably foreseeable risk proximate to the injuries.

## EIGHTH AFFIRMATIVE DEFENSE

All actions taken by Defendants were proper, lawful, correct and in full accord with all applicable statutes, regulations, customs, laws and usages.

## NINTH AFFIRMATIVE DEFENSE

Defendants are immune from liability to the Plaintiff for any of the claims asserted.

## TENTH AFFIRMATIVE DEFENSE

Any act of Defendants was discretionary and performed in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

If Defendants violated any rights of the Plaintiff, which is specifically denied, such violation was not arbitrary, willful, intentional, malicious, wanton or reckless.

## TWELFTH AFFIRMATIVE DEFENSE

Any action taken by Defendants was justified, privileged and reasonable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any action taken by Defendants was of the type for which they would have had defenses available at common law.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint makes claims for damages, some or all of which are not or may not be legally cognizable or compensable under the laws of the Commonwealth of Pennsylvania.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages and losses as described in the Complaint, which is specifically denied, they were or may have been caused or contributed to by conditions, factors, persons and/or entities over which Defendants had no control and for which Defendants are not responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot demonstrate a legally culpable act and/or omission of Defendants which was a substantial factor in bringing about the claimed damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants assert the doctrine of justification with respect to any conduct material to Plaintiff's claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to the defense of sovereign immunity, which renders actions taken within the scope of employment immune from damage liability.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based upon a theory of vicarious liability, it is unavailable.

## TWENTIETH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims may be barred by waiver, estoppel, and/or the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot state a prima facie case for discrimination or retaliation, and even if she could, Defendant had legitimate non-discriminatory reasons for the actions taken and such reasons are not pretext.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on some or all of her claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies as to some or all of her claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages as to some or all of her claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The averments in Plaintiff's Complaint are insufficient to establish the named Defendants' personal involvement in some or all of the claims.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a matter of law, Defendants have taken no adverse actions against Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This Court may not have jurisdiction over some or all of Plaintiff's claims. If Defendants took the actions alleged in the Complaint, which it specifically denies, Defendants did not violate Plaintiff's constitutional rights and all of Defendant's actions were taken in a reasonable manner in light of the legal rules that were clearly established at the time they took the alleged actions and, thus, are entitled to qualified immunity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are untimely pursuant to the applicable rules of civil procedure and/or law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the Eleventh Amendment.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff has not sufficiently pleaded, nor can she prove, any whistleblower claim.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's complaint exceed the scope of the complaint made at the administrative level such as to the EEOC and PHRC.

Respectfully submitted,

**MICHELLE A. HENRY**
**Acting Attorney General**


By:   *s/ Alexander T. Korn*

**Office of Attorney General**              **ALEXANDER T. KORN**
**15th Floor, Strawberry Square**           **Deputy Attorney General**
**Harrisburg, PA 17120**                    **Attorney ID 323957**
**Phone: (717) 712-2037**

                                            **KAREN M. ROMANO**
**akorn@attorneygeneral.gov**               **Chief Deputy Attorney General**
                                            **Civil Litigation Section**

**Date:  January 30, 2023**                 **Counsel for Defendants**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANN V. SHEEHAN,** | : | |
| **Plaintiff** | : | **No.  1:22-CV-1871** |
| | : | |
| **v.** | : | **Judge Wilson** |
| | : | |
| **SHIPPENSBURG UNIVERSITY,** | : | **Electronically Filed Document** |
| **LAURIE PORTER** *and* **NIPA** | : | |
| **BROWDER,** | : | *Complaint Filed 11/25/2022* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 30, 2023, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer and Affirmative Defenses to the following:

## VIA ELECTRONIC FILING

**Jason E. Piatt, Esquire**
**Piatt Law PLLC**
**20 East 6th Street, Suite 205**
**Waynesboro, PA  17268**
jpiatt@piattlaw.com
*Counsel for Plaintiff*

  *s/ Alexander T. Korn*
**ALEXANDER T. KORN**
Deputy Attorney General