UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN V. SHEEHAN, )<br>)<br>Plaintiff, )<br>) <br>) Civil Action No. 1:22-CV-1871<br>v. )<br>) Hon. Jennifer P. Wilson<br>)<br>SHIPPENSBURG UNIVERSITY, )<br>LAURIE PORTER, ) FILED ELECTRONICALLY<br>NIPA BROWDER, )<br>) JURY TRIAL DEMANDED<br>Defendants. )<br>) | |

## JOINT CASE MANAGEMENT PLAN

**1. Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

Plaintiff seeks damages for violations of her rights under the Americans with Disabilities Act (as amended), Family and Medical Leave Act (FMLA), Pennsylvania Human Relations Act (PHRA), and Rehabilitation Act against Shippensburg University and claims of aiding and abetting against individual defendants for their actions in furtherance of these violations.

By defendant(s): Defendants dispute Plaintiff's claims against them as well as damages asserted by her.

    1.2    The facts the parties <u>dispute</u> are as follows:

The pleadings in this matter have not yet closed. As such, the Parties through counsel recognize that there may be agreement as to some relevant facts as pleadings close and discovery commences. To date, no agreements of fact have been made.

Defendants dispute:

    A.  TBD
    B.
    C.

agree upon are as follows:

The pleadings in this matter have not yet closed.  As such, the Parties through counsel recognize that there may be agreement as to some relevant facts as pleadings close and discovery commences.  To date, no agreements of fact have been made.

Defendants agree:

    A.  Ann Sheehan was an employee of Shippensburg University

Plaintiffs disagree with

TBD

    1.3      The legal issues the parties dispute are as follows:

The pleadings in this matter have not yet closed.  As such, the Parties through counsel recognize that there may be agreement as to some issues of relevant law as to the issues in this matter.  To date, no agreements as to relevant law have been made.

Defendants disputed legal issues:

    A.     TBD

    B.

agree upon are as follows:

    1.4      Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

There are no such unresolved issues.

     1.5    Identify any named parties that have not yet been served:

All parties have been served.

     1.6    Identify any additional parties that:

plaintiff(s) intends to join:  None.

defendant(s) intends to join:  None.

     1.7    Identify any additional claims that:

plaintiff(s) intends to add:  None.

defendant(s) intends to add:  None.

**2.0  Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

     2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

          Disclosed by __Plaintiff_____:

| Name | Title/Position |
|---|---|
| | |

Plaintiff has no such initial disclosures re:  individuals to make at this time.

Disclosed by ___Defendants_____:

| Name | Title/Position |
|---|---|

None made to date.

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|

Motion for Partial Judgment on the Pleadings (Defendants) – Already Filed.

**4.0   Discovery**

   4.1   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

By defendant(s):

   4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it:  Depositions of named parties (Plaintiff, Individual defendants, Corporate representative(s) for Shippensburg University (30B6)).

 4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None identified presently.

 4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

 4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

  4.5.1 depositions (excluding experts) to be taken by:

plaintiff: 10  defendant(s): 10 (total)

  4.5.2 interrogatories to be served by:

plaintiff(s): 30  defendant(s): 30

  4.5.3 document production requests to be served by:

plaintiff(s): 30  defendant(s): 30

  4.5.4 requests for admission to be served by:

plaintiff(s): 30  defendant(s): 30

 4.6 Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.  **So certified.**

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:  **No exceptions.**

**5.0  Protective Order**

    5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0  Scheduling**

    6.1    Final date for joining additional parties:
        Complete    Plaintiff(s)
        Complete    Defendants(s)

    6.2    Final date for amending pleadings:
        Complete    Plaintiff(s)
        Complete    Defendants(s)

    6.3    All fact discovery commenced in time to be completed by:
30 June 2023

    6.4    All potentially dispositive motions should be filed by:
31 July 2023

6.5 Reports from retained experts due:

from plaintiff(s) by:  31 July 2023

from defendant(s) by:  31 July 2023

6.6 Supplementations due:

15 September 2023

6.7 All expert discovery commenced in time to be completed by:

13 October 2023

6.8 This case may be appropriate for trial in approximately:

   240    Days from the filing of the action in this court

 X   365    Days from the filing of the action in this court

   600    Days from the filing of the action in this court

6.9 Suggested Date for the final Pretrial Conference:  December 2023 (month/year)

6.10 Trial

6.10.1 Suggested Date for Trial:  Jan 2024  (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Name:           Jason E. Piatt, Esq.

Title              Counsel for Plaintiff

Address        20 E 6th St, Suite 205, Waynesboro, PA 17268

Daytime Telephone    (717) 655-5487

Name:           Daniel P. McGannon, Esq.

Title:             Counsel for Defendants

Address:        Pennsylvania Office of Attorney General

14th Floor, Strawberry Square, Harrisburg, PA 17120

Daytime Telephone:    717-775-5176

**8.0  Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

       ADR procedure

      Date ADR to be commenced:
      Date ADR to be completed:

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

The parties and counsel are open to ADR, however selection and participation at this time is premature.

**9.0**    **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:  _ Y  _X_  N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

      ___ Scranton/Wilkes-Barre

   <u>   </u> Harrisburg

   <u>   </u>Williamsport

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0   Identification of Counsel**

Counsel shall be registered users of the courts Electronic Case Filing System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated:  05/24/23          <u>Jason E. Piatt, Esq.,</u> Attorney for Plaintiff

              X      ECF User(s)

                    Waiver requested (as separate document)

                    Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:  05/24/2023      <u>Daniel P. McGannon, Esq.,</u> Attorneys(s) for Defendant(s)

              X      ECF User(s)

                    Waiver requested (as separate document)

                    Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.